IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD MICHAEL CUSTER,

        Plaintiff,

v.                                      CIVIL ACTION NO. 1:08cv93
                                        (Judge Keeley)

POTOMAC HIGHLANDS REGIONAL JAIL,
MIKE LAWSON, Administrator,
OFFICER BUCKLEW,
OFFICER KESSLER,
1st SGT. COLLINS,
OFFICER HELMS,

        Defendants.


REPORT AND RECOMMENDATION
42 U.S.C. § 1983

On March 20, 2008, the *pro se* plaintiff initiated this case by filing a civil rights complaint

against the above-named defendants pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff

alleges the defendants' actions violated the Eighth Amendment's prohibition against cruel and unusual

punishment.[1]  On April 9, 2008, an order was entered granting him leave to file without prepayment

of fees.  This matter is before the undersigned for an initial review and report and recommendation

pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)[2]

---

[1]The cruel and unusual punishment clause of the Eighth Amendment applies to the States
through the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See
Wilson v. Seiter, 501 U.S. 294 (1991).

[2]28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss
the case at any time if the court determines that...
        (B) the action or appeal-
                (I)   is frivolous or malicious;
                (ii)  fails to state a claim on which relief may be granted; or

# I.  STANDARD OF REVIEW

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether is it frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325.  However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972).  A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or where the claims rely on factual allegations which are "clearly baseless."  Denton v.  Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

# III.  ANALYSIS

In general, the Eighth Amendment prohibits "cruel and unusual punishment."  Farmer v. Brennan, 511 U.S. 825 91994).  In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  "A prison official cannot be found liable under the Eighth

---

(iii) seeks monetary relief against a defendant who is immune from such relief.

[3]Id. at 327.

Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

## A. Potomac Highlands Regional Jail

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

The Potomac Highlands Regional Jail is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, the plaintiff's claim against the jail should be dismissed.

## B. Mike Lawson, Administrator

In the instant case, plaintiff makes no specific allegations of a violation of any constitutional right against the named defendant, Mike Lawson. Instead, it appears that plaintiff merely names Mr. Lawson in his official capacity as the Administrator of the Potomac Highlands Regional Jail. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits against the state. Id. at 166. In order for the governmental entity to be a proper party of interest, the entity's policy or custom must have played a part in the violation. Id. (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Here, the plaintiff has made no allegation that would support such a finding, and therefore, Mr. Lawson should be dismissed as a defendant.

C. **Defendants Bucklew, Kessler, Collins, and Helms**

In his complaint, the plaintiff alleges that the defendants Bucklew, Kessler, Collins, and Helms harassed, threatened and unfairly punished him while he was housed at the Potomac Highlands Regional Jail. In addition, the plaintiff asserts that these defendants ignored numerous threats to his safety from other inmates. As a result, the plaintiff claims that suffered physical and mental injury. Accordingly, the undersigned is of the opinion that defendants Bucklew, Kessler, Collins and Helms should be made to answer the complaint.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that:

(1) the plaintiff's claims against the Potomac Highlands Regional Jail and Mike Lawson be **DISMISSED with Prejudice**; and

(2) the plaintiff's claims against defendants Bucklew, Kessler, Collins, and Helms proceed and

that those defendants be **SERVED** with a copy of the summons and complaint through the United States Marshall Service.

Within ten (10) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 30, 2008

  /s/ James E. Seibert                          
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE