IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD MICHAEL CUSTER,**

    **Plaintiff,**

**v.**                                                   **Civil action no. 1:08cv93**
                                                             **(Judge Keeley)**

**OFFICER BUCKLEW,**
**OFFICER KESSLER,**
**!st SGT. COLLINS,**
**OFFICER HELMS**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On March 20, 2008, the *pro se* plaintiff, Richard Custer, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983. On April 30, 2008, the undersigned issued a Report and Recommendation in which I recommended that the Potomac Highland Regional Jail and Mike Lawson, its administrator, be dismissed from the action with prejudice. In addition, I recommended that the claims against the remaining four defendants, Officer Bucklew, Officer Kessler, 1st Sgt. Collins, and Officer Helms proceed and that those defendants be served through the United States Marshall. On June 17, 2008, the Court entered an order adopting the Report and Recommendation, and June 18, 2008, summonses were issued.

On July 23, 2008, after service of the summons and complaint, the defendants filed a Motion too Dismiss, or in the alternative, for Summary Judgment. A Roseboro Notice was issued on July 24, 2008. On August 5, 2008, the plaintiff filed his response.

### II. The Pleadings

**A. The Complaint**

In his complaint, the plaintiff asserts that he was transferred from the Tygart Valley Regional Jail to the Potomac Highlands Regional Jail("Potomac") on October 26, 2007. He maintains that upon arriving at Potomac, he notified staff that he needed to be placed in protective custody. He alleges that instead of placing him in protective custody, he was placed in disciplinary segregation. The plaintiff further alleges that other inmates "got" his "lawyer mail" and found out that he had told on over 100 people. The plaintiff alleges as a consequence, inmates threatened him, assaulted him, and mentally tortured him. He also alleges that on more than one occasion, the other inmates put feces and urine in a potato chip bag, added hot water and threw it under his door. He also alleges that the defendants stopped him from attending church and practicing his religion, ignored his pleas for help, told other inmates he was a rat, and kept him in danger. As relief, the plaintiff seeks 10 million dollars.

**B. The Defendants' Motion**

In response to the complaint, the defendants assert that the plaintiff is not entitled to relief for the following reasons:

1. the plaintiff has failed to exhaust the administrative remedies available;

2. the plaintiff has failed to state a claim upon which relief may be granted; and

3. the plaintiff's claims are barred under the doctrines of qualified or official immunity.

**C. The Plaintiff's Opposition to the Defendants' Motion**

In response to the defendants' motion, the plaintiff alleges that the court has the original grievances he filed, and it is not his fault that jail staff refused to answer his grievances. In addition, the plaintiff alleges that he was harmed by human waster wand was mentally and physically abused.

### III. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957). Additionally, a district court should construe *pro se* petitions liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (emphasizing the liberal construction rule for *pro se* complaints raising civil rights issues).

**B. Summary Judgment**

Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 *1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita

Electric Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita at 587 (citation omitted).

## IV. Analysis

**A. Exhaustion of Administrative Remedies**

Under the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all

---

[1] Id.

4

available administrative remedies must be exhausted *prior* to filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (*citing* Booth, 532 U.S. at 741)(emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S. 81 126 S.Ct. 2378 (2006)(recognizing the PLRA provisions contain a procedural default component).

The West Virginia Regional Jail and Correctional Facility Authority provides all inmates with an administrative grievance procedure by which complaints concerning the conditions of confinement may be addressed. The grievance process begins when the inmate completes an inmate grievance form and submits that form to the Administrator of the facility. The Administrator will review the grievance, and, if warranted, investigate the complaint and promptly provide the inmate with a written decision. That decision will identify any corrective action taken in response to the grievance and/or the reasons the grievance is denied. An inmate who is dissatisfied with the Administrator's response may appeal that decision to the Chief of Operations. The Chief of Operations reviews the grievance, and the response from the Administrator, and issues a written decision identifying any corrective action taken or the reasons for denying the appeal. If the inmate is dissatisfied with the response from the Chief of Operations, he takes a final appeal to the Office of the Executive Director. Plaintiff must complete all three levels of the process to successfully exhaust his administrative remedies.

In support of their motion, the defendants have filed numerous exhibits, including the sworn affidavit of Henry R. Robinson, Jr., Deputy Chief of Operations, for the West Virginia Regional Jail and Correctional Facility Authority. In his affidavit, Mr. Robinson states that he has reviewed the Inmate Correspondence and Grievance Appeal files and found that the petitioner has not filed a Grievance Appeal to the Executive Director concerning the subject matter of this case. (Doc.. 34-2, pp. 5-6). This sworn affidavit shows that the plaintiff did not exhaust his administrative remedies. Thus, the defendants' motion

5

establishes their initial burden under Fed.R.Civ.P 56(c) of demonstrating the absence of a genuine issue of material fact.

Therefore, as previously explained, in order to survive the defendants' motion for summary judgment, the plaintiff must set forth facts showing there is a genuine issue for trial. To carry this burden, the plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita, 475 U.S. at 856 (*citing* DeLuca v. Atlantic Refining Co., 176 F.2d 421, 423 (2nd Cir. 1949)). This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 246. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50.

In this instance, the plaintiff must provide probative evidence to show that he exhausted his administrative remedies on the issues raised in this complaint. In his complaint, the plaintiff alleges that he "wrote grievances in the regional jail only to have the first two ignored and on the third one they said they would talk to the officer but nothing happened." (Doc. 2, p. 3). In addition the plaintiff notes that he "can't enclose copies of the requests and grievances....I'm scared they'll disappear." (Doc. 2, p. 6). Conversely, in response to the defendants' motion, the petitioner notes that has "sent all the grievances into your court." (Doc. 42, p. 2). A review of the record establishes that the plaintiff has not filed any copies of any grievances.[2] Clearly, the plaintiff has not carried his burden under Rule 56(c), and the defendants' motion for summary judgment for the failure to exhaust should be granted.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the defendants'

---

[2] The plaintiff has another § 1983 complaint pending in in this District against the Northern Regional Jail. The undersigned has reviewed the record in that matter and determined that no copies of grievances were filed in that matter either. See 2:08cv54.

Motion to Dismiss, or in the alternative for Summary Judgment (Doc. 34) be **GRANTED** for the plaintiff's failure to properly exhaust administrative remedies. Accordingly, the undersigned recommends that the complaint be **DISMISSED WITHOUT PREJUDICE.**

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested. In addition, the Clerk shall provide a copy to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: September 19, 2008.

       /s/ James E. Seibert
       JAMES E. SEIBERT
       UNITED STATES MAGISTRATE JUDGE